167

Walter E. Ricker
vs.                    } No.41464
Rhode Island Company

DECISION

May 20, 1918

BROWN, J. The accident occurred June 17, 1917, at the intersection of Oaklawn avenue and Freehold avenue in the city of Cranston. The car track lies on the easterly side of Oaklawn avenue at this point. Freehold avenue commencing at this point extends in an easterly direction at practically right angles with Oaklawn avenue. For a distance of 150 or 200 feet from the intersection there is an embankment on the easterly side of Freehold avenue with a fence upon it. At the time of the accident there was a growth of bushes, grass and weeds along this embankment so that a person in approaching the intersection had an obstructed and very imperfect view of a car moving along the track on Oaklawn avenue as it approached the intersection. At the northeasterly corner of the intersection of the two streets was a growth of bushes making a blind, and very dangerous, corner. A traveler in Freehold avenue could not see a car approaching from the north until within a few feet of the car track, nor can the motorman on the car see a traveler until very near the track.

(Quotation from Testimony)

Both the motorman and plaintiff were aware of this dangerous crossing. The plaintiff testified that he looked for a car as he passed down Freehold avenue toward the track, and neither saw nor heard one, and as he approached the crossing looked in both directions and listened immediately before passing on to the track, that he neither saw nor heard a car and that his automobile was moving slowly. Accepting the plaintiff's testimony as true in this respect, it appears there is nothing further for him to do by way of precaution before entering the track except to get down out of his machine and proceed ahead to look up and down the track for an approaching

168

car. I cannot say as a matter of law that the plaintiff was obliged to get out of his machine and proceed in advance to the crossing to look for an approaching car, or to do anything further than he did do before crossing with his machine.

There was evidence that the car was running at a high rate of speed and that no gong was sounded.

The motorman testifies that he sounded the gong, and that his speed was from 15 to 18 miles. This was an extremely dangerous crossing and the want of care was likely to produce serious consequences. The motorman testified in direct examination that he saw the automobile when his car was about eight or ten feet from the center of Freehold avenue.

(Quotation from Testimony)

Several passengers on the car testified that they heard no gong ring, and their estimate of the speed was higher than the motorman's, estimat-

ing it at from 25 to 30 miles an hour. The car carried the automobile more than 80 feet after the collision. This was determined by actual measurement of the groove in the ground made by the automobile as it was carried along by the car. The speed must have been high or the car would have been stopped sooner as the motorman acted immediately and used every appliance at hand to stop it.

The jury was warranted in finding the defendant guilty of negligence in approaching this extremely dangerous crossing at too high rate of speed whether the gong was rung or not. They failed to find the plaintiff guilty of contributory negligence. I cannot say as a matter of law that their finding is not supported by the evidence in this regard. It is not clear to my mind that the damages are excessive. The plaintiff was severely injured and suffered much pain and sustained loss of earnings and damage to his machine, and was put to expense of medical attendance for himself and wife, and lost her services.

A new trial is denied.

For Plaintiff: Harry C. Curtis, William A. Spicer and Ira L. Letts.

For Defendant: Clifford Whipple and Alonzo R. Williams.